UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                    CASE NO: 2:15-cr-70-FtM-29MRM

CHARLES J. PEDOTO

_____

## ORDER

On August 15, 2017, United States Magistrate Judge Mac R. McCoy submitted a Report and Recommendation (Doc. #132) to the Court recommending that Defendant's Motion to Dismiss the Indictment and Memorandum of Law in Support Based on Violation of Defendant's Sixth Amendment Speedy Trial Rights (Doc. #98) be denied. Defendant's Objections (Doc. #133) were filed on August 29, 2017. The government did not file a response.

## I.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district

judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., reprinted in 1976 U.S.C.C.A.N. 6162, 6163).   The district judge reviews legal conclusions de novo, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

The Magistrate Judge considered and weighted the factors in Barker v. Wingo, 407 U.S. 514 (1972), including the length of delay, the reasons for the delay, the right to a speedy trial, and the actual prejudice to defendant.

The Magistrate Judge found that the 21 month delay from the date defendant's Sixth Amendment right attached to the date of defendant's arrest, and the more than two years before the resolution of the motion was sufficient to presume prejudice to defendant.  The factor weighed against the government.

The Magistrate Judge noted three periods of delay in considering the reasons for delay.  The first delay (between the return of the indictment and the arrest) weighed against the government because of their inaction for fear of alerting the co-defendant of an imminent arrest; the second delay (from the co-defendant's arrest to defendant's arrest) also weighed against the

government, despite evidence that defendant took steps to remain inconspicuous, because of the agents' own distractions of extensive travel, other pressing duties, and personal career goals, and because of their failure to communicate effectively amongst themselves. The third delay (from arrest to the hearing on the motion to dismiss) was deemed neutral but still against the government based on a general lack of diligence.

As to the third factor, the Magistrate Judge noted that defendant became aware of the indictment by at least July 2016, but did not assert his speedy trial rights until the filing of the motion in May 2017. The Magistrate Judge found this factor weighed against defendant, but not heavily.

As the last factor, because not all three other factors weighed heavily against the government, the Magistrate Judge considered whether there was actual prejudice or whether the delay was so long that no showing of actual prejudice was required. The Magistrate Judge found that a showing of actual prejudice was required, and concluded that defendant was not presumptively prejudiced, and the bases for an impaired defense were vague and unsupported. This factor was found to weigh heavily against defendant.

After balancing the factors, the Magistrate Judge determined that defendant had not demonstrated actual prejudice, and therefore the motion to dismiss should be denied.

## III.

Defendant raises three objections to the Report and Recommendation. First, defendant argues that <u>Doggett v. United States</u>, 505 U.S. 647 (1992), as cited by the Magistrate Judge, held that courts have generally found a delay approaching one year to be presumptively prejudicial, and that this should weigh heavily against the government. Defendant also argues that the Magistrate Judge set an impossible standard for the defense by requiring a showing of actual prejudice. Lastly, defendant argues that that the Magistrate Judge's finding that 24 months was insufficient to trigger presumptive prejudice was arbitrary and without basis in law.

The first objection is overruled to the extent that the record establishes that the Magistrate Judge found otherwise. The Magistrate Judge found that the 2 year delay was indeed presumptively prejudicial, although not for purposes of waiving the showing of actual prejudice. The Magistrate Judge agreed with the position of defendant:

> As indicated in *Doggett*, courts generally find that a delay over one year is presumptively prejudicial and triggers consideration of the remaining *Barker* factors. *See Doggett*, 505 U.S. at 652 n.1. Here, the threshold question is met because the delay of more than two years is sufficient to presume prejudice and trigger an analysis of the remaining three *Barker* factors. *See Villarreal*, 613 F.3d at 1350. Moreover, because the delay extends beyond the

> bare minimum to presume prejudice, this factor
> weighs against the Government. *See id.*
>
> . . . .

(Doc. #132, p. 25.)

The second and third objections relate to the actual prejudice factor, and are also overruled. In this case, the Magistrate Judge found that not all factors weighed heavily against the government. In the Eleventh Circuit, if the first three <u>Barker</u> factors "do not uniformly weigh heavily against the government", defendant <u>must</u> demonstrate actual prejudice. <u>United States v. Dunn</u>, 345 F.3d 1285, 1296 (11th Cir. 2003); <u>United States v. Harris</u>, 376 F.3d 1282, 1290 (11th Cir. 2004). Clearly the government exhibited negligence in their pursuit of defendant, but the weight assigned to the negligence was lessened by defendant's failure to take any action during the same period. <u>Doggett v. United States</u>, 505 U.S. at 657 ("[o]ur toleration of such negligence varies inversely with its protractedness, [ ] and its consequent threat to the fairness of the accused's trial."). Comparatively speaking to the 10 year delay in <u>United States v. Eguez</u>, No. 2:09-CR-92-FTM-29CM, 2016 WL 6493456, at *1 (M.D. Fla. Nov. 2, 2016), <u>appeal dismissed sub nom.</u> USA v. GABRIEL EGUEZ (Dec. 5, 2016), any claim that the ability to negotiate a plea was prejudiced by the delay in defendant's arrest can be given little weight.

After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge. Accordingly, the Court will adopt the Report and Recommendation and deny the motion to dismiss.

Accordingly, it is now

**ORDERED:**

1.    Defendant's Objections (Doc. #133) are **overruled**.

2.    The Magistrate Judge's Report and Recommendation (Doc. 132) is **accepted and adopted**, and it is specifically incorporated into this Opinion and Order.

3.    Defendant's Motion to Dismiss the Indictment and Memorandum of Law in Support Based on Violation of Defendant's Sixth Amendment Speedy Trial Rights (Doc. #98) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:
Hon. Mac R. McCoy
Counsel of Record
DCCD